IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROWENA VAUGHAN,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE FARM FIRE AND CASUALTY CO.,<br><br>　　　　　　　　Defendant. | CIVIL ACTION<br>NO. 14-1684 |

**OPINION**

**Slomsky, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　December 3, 2014

**I.　　INTRODUCTION**

In this case, Plaintiff Rowena Vaughan is suing Defendant State Farm Fire and Casualty Company for failing to pay a claim she made under her homeowner's insurance policy. (Doc. No. 1 at 16-17.) In the Complaint, she alleges in three counts: (1) breach of contract; (2) bad faith under 42 Pa.C.S.A. § 8371; and (3) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL).[1] (Id. at 16-24.) Defendant has moved to dismiss Count III of the Complaint, arguing that the economic loss doctrine bars the UTPCPL claim. (Doc. Nos. 3, 25.) For reasons that follow, the Court agrees. Accordingly, Defendant's Motion to Dismiss Count III of the Complaint (Doc. No. 3) will be granted.

---

[1] The UTPCPL makes it unlawful to engage in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 Pa.C.S.A. § 201-03 (West 2014). The statute lists several specific methods, acts, or practices that are unlawful, and includes a catch-all provision that makes it illegal to "[e]ngage[] in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." Id. § 201-2(4)(xxi). Plaintiff does not allege that Defendant engaged in any of the specific methods, acts, or practices identified in the statute as unlawful. Therefore, the Court infers that Plaintiff asserts her UTPCPL claim under the statute's catch-all provision.

## II.     BACKGROUND

### A. Defendant Denies Coverage for a Flood in Plaintiff's Home

On or about February 8, 2013, Plaintiff's home at 8200 Rodney Street, Philadelphia, Pennsylvania, was flooded by water from the plumbing or heating system. (Doc. No. 1 at 16.) The flood caused an estimated $108,250.33 in damage to Plaintiff's residence and personal property, and resulted in clean-up costs in the amount of $21,344.49. (Id. at 7, 27-64, 66-84.)

At the time the damage occurred, Plaintiff had coverage under a homeowner's insurance policy issued by Defendant State Farm Fire and Casualty Company. Plaintiff promptly notified Defendant of her loss. (Id. at 16.) Thereafter, Defendant commenced an investigation into the facts surrounding the loss. According to Defendant, the investigation revealed that Plaintiff was not living in the home at the time of the loss and that the flood occurred because a plumbing line froze and broke. (Doc. No. 3 at 3.)

As a result of this investigation, Defendant sent Plaintiff a letter, dated July 11, 2013, denying coverage. In the letter, Defendant informed Plaintiff that her policy would not cover her loss because she failed to use reasonable care to maintain proper heat in her home while it was unoccupied. The letter referenced the following clause of Plaintiff's insurance policy:

SECTION 1 – LOSSES NOT INSURED

1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    b. freezing of a plumbing, heating, air conditioning or automobile fire protective system, or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing. This exclusion only applies while the dwelling is vacant, unoccupied or being constructed. This exclusion does not apply if you have used reasonable care to:

      1)      maintain heat in the building; or

      2)      shut off the water supply and drain the system and appliances of water.

(Doc. No. 1 at 86-87.)

### B. Plaintiff's State Court Complaint

On February 27, 2014, Plaintiff filed the three-count Complaint against Defendant in the Court of Common Pleas of Philadelphia County, Pennsylvania, alleging (1) breach of contract, (2) bad faith under Pa. C.S.A. § 8371, and (3) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL).[2] (Doc. No. 1 at 17, 18, 21.) Plaintiff essentially claims that, "[d]espite [her] demand for benefits under [her insurance policy], Defendant has refused without legal justification or cause, and continues to refuse, to pay Plaintiff monies owed for the damages suffered as a result of the loss." (Id. at 17.)

In support of her allegations, Plaintiff avers that there were no frozen pipes in the house, and that Defendant's "misrepresentation as to the cause of loss was made without legal or factual basis solely for the purpose of depriving Plaintiff of benefits owed under the policy issued by [Defendant]." (Id. at 18-19.) Plaintiff also claims that Defendant failed to complete a prompt and thorough investigation, failed to objectively and fairly evaluate Plaintiff's claim, asserted policy defenses without a reasonable basis in fact, failed to keep Plaintiff or her representatives reasonably informed about the status of the claim, unreasonably valued the loss, and failed to

---

[2] Count III of the Complaint is entitled "PA Unfair Insurance Practices Act and PA Unfair Trade Practices and Consumer Protection Law." In this count, Plaintiff alleges that Defendant violated both statutes. (Doc. No. 1 at 21.) Plaintiff, however, agrees that she is not asserting a separate cause of action against Defendant for violation of the Unfair Insurance Practices Act (UIPA), since it is well established under Pennsylvania law that UIPA does not create a private cause of action. (Doc. No. 5 at 8); see, e.g., Fay v. Erie Ins. Grp., 723 A.2d 712, 714 (Pa. Super. 1999). Rather, Plaintiff asserts that a violation of the UIPA supports her claim that the UTPCPL was violated. (Id. at 8-10.)

fairly negotiate with Plaintiff.  (Id. at 18-20.)  In addition, Plaintiff alleges that Defendant retained the services of "IEI Consulting and/or Michael J. Zazula" with knowledge that he would provide an opinion supporting denial of Plaintiff's claim.  (Id. at 20.)  Plaintiff also asserts that Defendant unreasonably delayed handling Plaintiff's claim "knowing that Plaintiff is elderly and with limited financial resources, in an attempt to force Plaintiff to abandon her claim or accept an unreasonably low settlement of her claim."  (Id. at 21.)  Plaintiff claims that Defendant's conduct violated the Pennsylvania Unfair Insurance Practices Act (UIPA), and that these violations support Plaintiff's claim under the UTPCPL.[3]  (Id. at 21-24.)  For Defendant's violation of the UTPCPL, Plaintiff seeks attorney fees, costs, interest, and treble damages.  (Id. at 24.)

    **C. Removal to Federal Court and the Motion to Dismiss**

On March 21, 2014, Defendant removed this case to this Court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  (Doc. No. 1.)  On March 25, 2014, Defendant filed a Motion to Dismiss Count III of the Complaint (Doc. No. 3), in which it argues that Plaintiff has failed to state a claim against Defendant for violation of the UTPCPL.  On April 3, 2014, Plaintiff filed a Response in Opposition to Defendant's Motion.  (Doc. No. 5.)  On September 18, 2014, a hearing was held on the Motion, after which the Court ordered that the parties may file supplemental briefs.  (Doc. No. 22.)  On October 3, 2014, the parties filed supplemental briefs.  (Doc. Nos. 25, 26.)

Defendant's Motion to Dismiss Count III of the Complaint (Doc. No. 3) is now ripe for disposition.  For reasons that follow, Defendant's Motion will be granted.

**III. STANDARD OF REVIEW**

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  After Iqbal it is clear that "threadbare recitals of

---

[3] See supra note 2.

the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 663; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ethypharm S.A. France v. Abbott Labs., 707 F.3d 223, 231 n.14 (3d Cir. 2013) (citing Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Twp., 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Id. at 130 (quoting Iqbal, 556 U.S. at 675, 679). "This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

5

has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679. The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## IV.   ANALYSIS

### A. The Economic Loss Doctrine Bars the UTPCPL Claim

Defendant argues that Count III of the Complaint must be dismissed because under Pennsylvania law, the economic loss doctrine bars the UTPCPL claim. (Doc. No. 25 at 3-8.) The Court agrees. The application of the economic loss doctrine in this case renders the claim in Count III implausible, and therefore Count III of the Complaint will be dismissed. Consequently, the Court need not consider the other grounds for dismissal raised by Defendant.[4]

Under Pennsylvania law, the economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract."[5] Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 618 (3d Cir. 1995); see also Debbs v. Chrysler Corp., 810 A.2d 137, 164 n.32 (Pa. Super. 2002). The Pennsylvania Supreme Court has not yet decided whether under Pennsylvania law the economic loss doctrine can bar a UTPCPL claim.

---

[4] Defendant also argues that Count III of the Complaint should be dismissed because (1) the facts Plaintiff allege show only nonfeasance when they must show misfeasance to support a UTPCPL claim (Doc. No. 3 at 14-15); (2) Plaintiff has failed to plead facts with sufficient particularity to show fraud or deception as required to support a UTPCPL claim (Doc. Nos. 3 at 14-15; 25 at 11-14); and (3) Plaintiff cannot support a UTPCPL claim by showing a violation of UIPA, and, in any case, Plaintiff has not pled sufficient facts to show a violation of UIPA (Doc. Nos. 3 at 13-14; 25 at 9-11).

[5] Pennsylvania courts have also defined the economic loss doctrine in other ways. See Excavation Techs., Inc. v. Columbia Gas Co. of Pa., 985 A.2d 840, 841 (Pa. 2009) (economic loss doctrine provides that "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage"); Ellenbogen v. PNC Bank, N.A., 731 A.2d 175, 188 n.26 (Pa. Super. 1999) (economic loss doctrine "bar[s] a plaintiff from recovering purely economic losses suffered as a result of defendant's negligent or otherwise tortious behavior, absent proof that the defendant's conduct caused actual physical harm to a plaintiff or his property").

In <u>Werwinski v. Ford Motor Co.</u>, however, the Third Circuit Court of Appeals predicted that the Pennsylvania Supreme Court would apply the doctrine to a UTPCPL claim. 286 F.3d 661, 681 (3d Cir. 2002). In the absence of a decision from the Pennsylvania Supreme Court on this issue, <u>Werwinski</u> is binding on this Court.[6] <u>Gadley v. Ellis</u>, No. 13-17, 2014 WL 3696209, at *5 (W.D. Pa. July 23, 2014) ("[A] district court is bound by a Third Circuit decision where that court has predicted how the Pennsylvania Supreme Court will decide an issue.").

In <u>Werwinski</u>, the Third Circuit held that the economic loss doctrine bars fraud claims where they are "'intertwined with contract claims and the resulting loss has been economic.'" 286 F.3d at 678 (quoting <u>Werwinski v. Ford Motor Co.</u>, Civ. No. 00-943, 2000 WL 1201576, at *5 (E.D.Pa. Aug. 15, 2000)). The court recognized an exception to the economic loss doctrine for fraud in the inducement claims, but only if the fraud is "'extraneous to the alleged breach of contract.'" <u>Werwinski</u>, 286 F.3d at 676 (quoting <u>Huron Tool & Eng'g Co. v. Precision Consulting Servs.</u>, 532 N.W.2d 541, 546 (Mich. Ct. App. 1995). The <u>Werwinski</u> court extended its holding to not only common law fraud claims, but also to statutory fraud claims brought under the UTPCPL. 286 F.3d at 681. Courts within this Circuit have since applied <u>Werwinski</u> to hold that the economic loss doctrine bars UTPCPL claims that are "interwoven" with the alleged

---

[6] Plaintiff argues that this Court should follow a 2013 decision of an intermediate Pennsylvania appellate court, <u>Knight v. Springfield Hyundai</u>, 81 A.3d 940 (Pa. Super. Ct. 2013), rather than <u>Werwinski</u>. (Doc. No. 26 at 4-5.) In <u>Knight</u>, the Pennsylvania appellate court held that UTPCPL claims are not barred by the economic loss doctrine. 81 A.3d at 952. In her Brief, Plaintiff asserts that "[t]he rulings of an intermediate appellate court must be accorded significant weight and should not be disregarded absent persuasive indication that the highest court would rule otherwise," and therefore <u>Knight</u>, not <u>Werwinski</u>, should control this Court's decision. (Doc. No. 26 at 4) (citing <u>U.S. Underwriters Ins. Co. v. Liberty Mutual Ins. Co.</u>, 80 F.3d 90, 93 (3d Cir. 1996). However, the case Plaintiff relies upon, <u>U.S. Underwriters</u>, is distinguishable from the situation that exists in this case. Here, this Court has the benefit of the Third Circuit's prediction of how the Pennsylvania Supreme Court would decide the issue, which was absent in <u>U.S. Underwriters</u>. Therefore, as noted above, <u>Werwinski</u> remains binding on this Court in the absence of a decision by the Pennsylvania Supreme Court to the contrary.

breach of an insurance contract.  See Tubman v. USAA Cas. Ins. Co., 943 F. Supp. 2d 525, 530-31 (E.D. Pa. 2013); see also Pesotine v. Liberty Mut. Grp., Civ. No. 14-0784, 2014 WL 4215535, at *3-4 (M.D. Pa. Aug. 25, 2014); Zeglen v. Northwestern Mut. Life Ins. Co., Civ. No. 14-0173, 2014 WL 4215531, at *3-4 (M.D. Pa. Aug. 25, 2014); Muckelman v. Companion Life Ins. Co., Civ. No. 13-0663, 2014 WL 957425, at *6-7 (M.D. Pa. Mar. 12, 2014); Sicherman v. Nationwide Life Ins. Co., Civ. No. 11-7227, 2012 WL 1122737, at *3-4 (E.D. Pa. Apr. 4, 2012); but see O'Keefe v. Mercedes-Benz USA, LLC, 214 F.R.D. 266, 275-78 (E.D. Pa. 2003) (declining to follow Werwinski and holding that the economic loss doctrine does not bar UTPCPL claims).

 Here, Plaintiff claims that, by engaging in the conduct set forth above, Defendant has violated the UTPCPL.  The crux of Plaintiff's allegations, however, is that Defendant has not fulfilled its obligations under the insurance contract.  The wrongful conduct that Plaintiff alleges Defendant engaged in is clearly "interwoven" with Plaintiff's breach of contract claim.  For example, as noted in the facts set forth above, Plaintiff disagrees with Defendant's reason as to what caused the damage and argues that Defendant failed to complete a prompt and thorough investigation, failed to fairly evaluate the claim, and unreasonably valued the loss.  Plaintiff also makes the unsupported claim that Defendant retained the services of a consulting company, IEI Consulting and/or Michael J. Zazula, to examine the damage knowing that he would provide an opinion supporting denial of Plaintiff's claim.  However these and the other allegations made by Plaintiff in the Complaint are viewed, they all relate to the fact that Plaintiff is claiming that Defendant breached the insurance policy, which is the contract between the parties.

 Plaintiff does not claim that there was any fraud in the inducement, nor do any of her claims concern conduct that could be regarded as "extraneous" to the contractual relationship.  In addition, Plaintiff claims solely economic damages.  Since Werwinski held that the economic

loss doctrine bars UTPCPL claims where they are "'intertwined with contract claims and the resulting loss has been economic,'" and since that decision remains binding on this Court, Count III of Plaintiff's Complaint alleging a violation of the UTPCPL will be dismissed. See Werwinski, 286 F.3d at 678 (quoting Werwinski, 2000 WL 1201576, at *5).

## V.	CONCLUSION

For the reasons stated, the plausibility of Plaintiff's claim on Count III is undermined by the economic loss doctrine. Thus, on its face, Count III fails to set forth a viable claim under the UTPCPL. Therefore, Defendant's Motion to Dismiss Count III of the Complaint (Doc. No. 3) will be granted. An appropriate order follows.